UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lonnie Lee Banark,<br><br>    Petitioner<br><br>v.<br><br>Warden Adams, et al.,<br><br>    Respondents | 2:16-cv-01948-JAD-PAL<br><br>**Order Granting Application to Proceed** *in forma pauperis*, **Denying Motion for Copies as Moot, Directing Service on Respondents, and Setting Briefing Schedule**<br><br>[EC Nos. 1, 3] |

    Nevada state-prison inmate Lonnie Lee Banark has submitted a § 2254 petition along with an application to proceed *in forma pauperis* and a motion for return of all documents he filed in another case he filed with this court. Because Banark's IFP application and supporting documents show that he is unable to pay the filing fee, I grant his application to proceed *in forma pauperis* and screen his petition under Rule 4 of the Rules Governing § 2254 Cases. Because it is not clear from the face of Banark's petition that he is not entitled to relief, I instruct the Clerk to file the petition and electronically serve it on respondents, and I order the respondents to file a response by **January 31, 2017.**

    Banark is cautioned that his petition should include all claims that he believes entitle him to federal habeas relief. If Banark is aware of a claim that he did not include in his petition, he should request leave to file an amended petition to add that claim as soon as possible. Because I granted Banark's motion for the same copies he requests now in another case,[1] I deny his motion for copies as moot.

---

[1] Case No. 2:15-cv-02505-JAD-CWH at ECF No. 18.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Banark's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED, and his motion for copies [ECF No. 3] is DENIED as moot.**

The Clerk of Court is directed to FILE and electronically SERVE Banark's petition **[ECF No. 1-1] on respondents** and add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that respondents must respond to the petition by **January 31, 2017.** Any response must comply with Habeas Rule 5:

1. Any procedural defenses must be raised together in a single consolidated motion to dismiss. Any procedural defenses not raised in the motion may be subject to waiver.

2. Respondents must not consolidate their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so in a dismissal motion, not the answer; and (b) they must direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

3. In any answer filed on the merits, respondents must cite to and address the applicable state-court decision and record materials, if any, that pertain to each claim.

4. Banark will have 45 days from service of the response to file a reply or opposition. All other requests for relief by respondents or Banark will be subject to the normal briefing schedule under this court's local rules.

5. Any additional state-court record exhibits filed by either party must be filed with a separate index of exhibits identifying the exhibits by number. Any CM/ECF attachments must be identified by the number of the exhibit in the attachment.

6. The parties must send courtesy copies of all exhibits to the Clerk of Court, 400 S. Virginia St. Reno, NV, 89501, Attention "Staff Attorney."

Dated: November 1, 2016.

_____
Jennifer A. Dorsey
United States District Judge