# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lonnie Lee Banark,

    Petitioner

v.

Warden Adams, et al.,

    Respondents

2:16-cv-01948-JAD-PAL

**Order Denying Motions**

[ECF Nos. 51, 52]

    Pro se habeas petitioner Lonnie Lee Banark has two motions pending in this action. First, Banark moves[1] to strike respondents' reply in support of their motion to dismiss. Banark argues that the reply was filed late, but I granted respondents an extension of time,[2] which makes their reply timely. By this motion, Banark mainly reargues his opposition to the motion the dismiss. He has presented no valid argument that respondents' reply is improper and should be stricken. Banark's motion to strike is thus denied.

    Petitioner also moves for court-appointed counsel.[3] Unlike in a criminal case, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding.[4] The decision to appoint counsel is generally discretionary.[5] However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly

---

[1] ECF No. 51.

[2] ECF No. 49 (Order extending deadline to 4/18/17).

[3] ECF No. 52.

[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[5] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

presenting his claims.[6]  Here, Banark's petition appears to present the issues that he wishes to raise in a sufficiently clear manner, and the legal issues are not particularly complex.  Banark argues that he has limited knowledge of the law and limited access to the prison law library.  However, even assuming the truth of both assertions, these factors standing alone do not warrant appointed counsel.  I also note that Banark, proceeding pro se, has filed an original, first-amended and second-amended petition, numerous exhibits, and an opposition to respondents' motion to dismiss, demonstrating that he is capable of handling this matter on his own.  Banark's motion for counsel is therefore denied.

Accordingly, IT IS THEREFORE ORDERED that petitioner's motion to strike respondents' reply in support of their motion to dismiss **(ECF No. 51) is DENIED**;

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **(ECF No. 52) is DENIED**.

DATED: May 31, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).