# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lonnie Lee Banark,

    Petitioner

v.

Warden Adams, et al.,

    Respondents

2:16-cv-01948-JAD-PAL

**Order Granting in Part Motion to Dismiss**

[ECF Nos. 40, 54, 59, 62, 67, 69]

    Pro se petitioner Lonnie Lee Banark is currently on parole after serving five years of his 5–12.5-year sentence for driving under the influence of alcohol.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his Fourth, Sixth, and Fourteenth Amendment rights were violated.[2] The government moves to dismiss the petition in its entirety, arguing that Banark failed to exhaust some of his claims in state court and is procedurally barred from asserting others, and that his remaining claims are not cognizable.[3]

## Procedural History and Background

    On January 14, 2014, a jury convicted Banark of driving and/or being in actual physical control while under the influence of intoxicating liquor.[4] Banark was sentenced to a term of

---

[1] ECF No. 1-1 at 2; *see also* NEVADA DEP'T OF CORRECTIONS (Jan. 16, 2018) http://doc.nv.gov/Inmates/Home/ (Inmate search by name Lonnie Banark or by offender ID 75288).

[2] ECF No. 34.

[3] ECF No. 40.

[4] ECF No. 43-19.

60–150 months,[5] his conviction was affirmed,[6] and remittitur issued on September 2, 2015.[7] The state district court denied Banark's state, post-conviction habeas corpus petition on November 16, 2015,[8] the Nevada Supreme Court affirmed that denial eight months later,[9] and remittitur issued on August 25, 2016.[10] Banark mailed his original federal petition around August 12, 2016,[11] and amended it twice.[12] The government now moves to dismiss the second-amended petition.[13]

## Discussion

### A.   Fourth Amendment Claims and *Stone v. Powell*

Independent, substantive Fourth Amendment claims are generally barred from federal habeas review.[14] In *Stone v. Powell*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner had a "full and fair" opportunity to litigate the claims in state court.[15] To be eligible for habeas relief on Fourth Amendment claims, a petitioner must

---

[5] ECF No. 44-3.

[6] ECF No. 44-26.

[7] ECF No. 45.

[8] ECF No. 45-6.

[9] ECF No. 45-31.

[10] ECF No. 45-32.

[11] ECF No. 6.

[12] ECF Nos. 12, 34.

[13] ECF No. 40.

[14] *See Stone v. Powell*, 428 U.S. 465, 481 (1976).

[15] *Id.*, 428 U.S. at 48; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

demonstrate that the state court has not afforded him a full and fair hearing on those claims.[16]

### 1. Ground 1

Banark alleges 13 violations of his Fourth Amendment right to be free from unreasonable search and seizure. They all focus on law enforcement taking a blood sample from him without obtaining a search warrant—that blood sample was excluded from evidence at trial.[17] But because *Stone* precludes a petitioner from raising substantive claims in federal court that could have, and should have, been raised in state court, sub-claims 1(1)–(3), 1(5)–(10) and 1(12) are all dismissed as barred from federal habeas review. Sub-claims 1(4), 1(11), and 1(13) are addressed below.

## B. Exhaustion and Procedural Default

### 1. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1). That rule requires a federal district court to deny the petition unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.[18]

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court and to "protect the state courts' role in the enforcement of federal law."[19] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim

---

[16] *Stone*, 428 U.S. at 494 n.37.

[17] ECF No. 34 at 3.

[18] 28 U.S.C. § 2254 (b)(1).

[19] *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

3

through direct appeal or state collateral-review proceedings.[20]

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[21] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[22] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[23] It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."[24] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."[25] However, citation to state caselaw that applies federal constitutional principles will suffice.[26]

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[27] The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts or where

---

[20] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

[21] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[22] *Ybarra v Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

[23] *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[24] *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520).

[25] *Hiivala*, 195 F.3d at 1106 (citations omitted).

[26] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[27] *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

different facts are presented at the federal level to support the same theory.[28]

### 2. *Procedural Default*

Title 28 of the United States Code Section 2254(d) provides that this court may grant habeas relief if the relevant state-court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.[29]

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.[30] The Supreme Court explained in *Coleman v. Thompson* the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[31]

The procedural-default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.[32]

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state

---

[28] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[29] 28 U.S.C. § 2254(d).

[30] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

[31] *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[32] *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

procedural rule.[33] For cause to exist, the external impediment must have prevented the petitioner from raising the claim.[34] To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an actually innocent person.[35] "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."[36] This is a narrow exception, and it is reserved for extraordinary cases only.[37] Bare allegations unsupported by evidence do not tend to establish actual innocence sufficient to overcome a procedural default.[38]

### 3. *Technical Exhaustion and Procedural Default*

Generally, following a holding that the petition contains unexhausted claims, the petition must be dismissed unless the petitioner either dismisses the unexhausted claims or obtains a stay to exhaust the claims.[39] Some habeas petitioners argue that their unexhausted claims would be deemed procedurally defaulted by Nevada state courts if they tried to return to state court to exhaust the claims. Thus, they ask this court to conclude that the claims are technically exhausted. A claim is technically exhausted if it is procedurally defaulted.[40] That does not signify, however, that a claim is technically exhausted merely because a procedural defense would be raised by the respondents if petitioner returned to state court to exhaust a claim. The record instead must reflect that "it is clear that the state court would hold the claim procedurally

---

[33] *Murray*, 477 U.S. at 488.

[34] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[35] *Boyd v. Thompson*, 174 F.3d 1124, 1127 (9th Cir. 1998).

[36] *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[37] *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

[38] *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

[39] *See Rose*, 455 U.S. 509; *Rhines v. Weber*, 544 U.S. 269 (2005) (requirements for a stay); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (alternative stay procedure available under Ninth Circuit precedent).

[40] *See, e.g.*, *Nguyen v. Curry*, 736 F.3d 1287, 1292 (9th Cir. 2013).

barred."[41]

In federal habeas cases arising out of Nevada, the state courts generally apply substantially the same standards as do the federal courts in determining whether a petitioner can demonstrate cause or actual innocence in order to overcome a claimed procedural default.[42] In past cases, this court has rejected efforts by habeas petitioners to claim technical exhaustion by procedural default while at the same time arguing that they nonetheless can establish cause and prejudice or actual innocence to overcome that procedural default. If the petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred."[43] If, however, the petitioner cannot assert potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted.

Neither alternative requires a federal court to consider cause-and-prejudice or actual-innocence arguments. In the first alternative, the claim remains unexhausted; and petitioner must either dismiss the unexhausted claim or obtain a stay to exhaust. In the second alternative, the concession that the petitioner has no viable arguments renders the claim technically exhausted but also renders the claim subject to immediate dismissal because there are no potentially viable cause-and-prejudice or actual-innocence arguments for the federal court to

---

[41] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

[42] Under state practices, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g.*, *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require "cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. The Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray*, 477 U.S. at 496).

[43] *Sandgathe*, 314 F.3d at 376.

7

consider. Accordingly, the court generally does not proceed to a cause-and-prejudice analysis as a matter of course following a holding that a claim is unexhausted.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*,[44] the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel.[45] The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law.[46] So, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

### i. Ground 1(4)

Banark asserts that the use of threats and coercion by law enforcement and defense and prosecuting attorneys violated his Fifth Amendment rights.[47] Respondents are correct that Banark did not present this claim to the Nevada Supreme Court.[48] Ground 1(4) is, therefore, unexhausted. In his response to the motion to dismiss, Banark states that he wishes "to waive a claim, drop/dismiss" ground 1(4).[49] Accordingly, Banark has voluntarily dismissed ground 1(4).

---

[44] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[45] *Id.* at 9.

[46] *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014).

[47] ECF No. 34 at 3.

[48] ECF Nos. 44-15, 44-27, 45-1.

[49] ECF No. 46 at 2.

####  ii.   Ground 2

Banark alleges that his trial counsel rendered ineffective assistance in violation of his Sixth Amendment rights.[50] Respondents argue that the following sub-claims are unexhausted: 2(1) there was no jury verdict for count two pursuant to jury instruction no. 6; 2(12) trial counsel told Banark that a potential discrepancy in the trial transcript regarding whether Banark was at the Alibi Casino for three or four minutes was not important; 2(13) counsel failed to file a motion or object to testimony about a knife; 2(14) no tangible evidence of a knife was presented at trial; 2(15) counsel failed to object to Officer Curtis Hill's testimony; and 2(16) Banark's medical record had nothing to do with his charges, and he had told his counsel so.[51]

I have reviewed the state-court record, and I agree that Banark did not present these sub-claims within federal ground 2 to the highest Nevada state court.[52] These sub-claims are therefore dismissed as unexhausted. And like with ground 1(4), Banark indicates in his opposition to this motion that he wants to "waive" ground 2(12). Ground 2(12) is therefore deemed voluntarily dismissed.

Banark asserts that I should consider the other unexhausted claims in ground 2 to be technically exhausted. I address those arguments below.

####  iii.  Grounds 1(11) and 1(13)

In sub-claims 11 and 13 of ground 1, Banark asserts that there was insufficient evidence to support his guilty verdict.[53] In his state post-conviction habeas petition, Banark raised for the first time claims that correspond to federal grounds 1(11) and 1(13). The Nevada Court of Appeals affirmed the denial of these claims in Banark's state post-conviction petition as

---

[50] ECF No. 34 at 6–7.

[51] ECF No. 40 at 5.

[52] ECF Nos. 44-27; 45-31.

[53] ECF No. 34 at 4.

9

procedurally barred because they could have been raised in his direct appeal.[54] Banark bears the burden of proving good cause for his failure to present the claim and actual prejudice.[55] The Ninth Circuit Court of Appeals has held that—at least in non-capital cases like this one—application of the NRS 34.810 procedural bar is an independent and adequate state ground.[56] So, the Nevada Court of Appeal's determination that federal grounds 1(11) and 1(13) were procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground to affirm the denial of those claims in the state petition.

Banark argues that the unexhausted sub-claims in grounds 1 and 2 are not exhausted because his counsel was ineffective, so they should not be deemed procedurally barred.[57] Thus, he appears to argue that these claims should be deemed technically exhausted but procedurally barred in state court and that under *Martinez* he can demonstrate cause and prejudice to excuse the default of the federal grounds. Under *Martinez*, however, a petitioner may only show that his failure to raise an ineffective assistance of trial counsel claim was due to ineffective assistance of post-conviction counsel. Thus, *Martinez* has no bearing on the insufficiency-of-the-evidence claims in grounds 1(11) and 1(13). Accordingly, grounds 1(11) and 1(13) are procedurally barred from federal review.

On the other hand, the unexhausted claims in ground 2 are claims of ineffective assistance of trial counsel and potentially implicate *Martinez*. Applying *Martinez*, a reviewing court must determine (1) whether the petitioner's attorney in the first collateral proceeding, if counsel was appointed, was ineffective under *Strickland v. Washington*,[58] (2) whether the petitioner's claim of ineffective assistance of trial counsel is "substantial," and (3) whether there

---

[54] ECF No. 45-31; NEV. REV. STAT. § 34.810(1)(b).

[55] NEV. REV. STAT. § 34.810(3).

[56] *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

[57] ECF No. 46 at 4.

[58] *Strickland v. Washington*, 466 U.S. 668, 687 (1984)

is prejudice.[59]

The Supreme Court further summarized in *Trevino v. Thaler*[60] what *Martinez* requires in order to establish whether a federal court may excuse a state court procedural default. "Cause" to excuse the default may be found:

> where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."[61]

Banark did not have counsel for his state post-conviction petition; thus, cause is assumed. Banark must also demonstrate that his underlying ineffective-assistance-of-trial-counsel claims are substantial.[62]

The *Martinez* Court cited to *Miller-el v. Cockrell*[63] for its standard requiring the petitioner to make a substantial showing of the denial of a constitutional right, suggesting that this standard is appropriate in deciding if a claim would satisfy the prejudice prong for overcoming a procedural default.[64] Under *Miller-el*, a petitioner need not show that he will prevail on the merits.[65] So, I consider whether several sub-claims of ground 2 set forth "substantial" ineffective

---

[59] *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (citing *Martinez*, 566 U.S. at 17).

[60] *Trevino v. Thaler*, 569 U.S. 413 (2013).

[61] *Trevino*, 569 U.S. at 423 (quoting *Martinez*, 566 U.S. at 17).

[62] *Martinez*, 566 U.S. at 17.

[63] *Miller-el v. Cockrell*, 537 U.S. 322 (2003).

[64] *Martinez*, 566 U.S. at 14.

[65] *Miller-el*, 537 U.S. at 337 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (a showing that "a court could resolve the issue [differently] or that the questions are adequate to deserve encouragement to proceed further" is sufficient to meet the substantial showing required for appellate review)); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("The petitioner must

assistance of trial claims and conclude that they do not. As to ground 2(1)—"there was no jury verdict for count two pursuant to jury instruction no. 6"—I cannot discern what the ineffective-assistance claim is. Moreover, Banark was only tried on one count. Ground 2(13)—"counsel failed to file a motion or object to testimony about a knife"—is belied by the record. Defense counsel filed a motion in limine to exclude evidence of the knife.[66] To the extent that ground 2(14)—"no tangible evidence of a knife was presented at trial"—even states an ineffective-assistance-of-counsel claim, again, counsel challenged the admission of evidence of a knife in the motion in limine. Ground 2(15)—"counsel failed to object to Officer Curtis Hill's testimony"—is also belied by the record; counsel objected to Hill's testimony.[67] Finally, ground 2(16)—"Banark's medical record had nothing to do with his charges, and he had told his counsel that"—no medical records were introduced at trial.[68]

Banark has failed to demonstrate that any of these sub-claims set forth substantial claims of ineffective assistance of counsel. He therefore cannot demonstrate cause and prejudice to excuse his procedural default. Therefore, grounds 2(1), 2(13), 2(14), 2(15), and 2(16) are all dismissed as procedurally barred.

        *iv.*     *Remaining Sub-Claims in Ground 2*

Respondents argue that several other sub-claims of ineffective assistance of trial and appellate counsel in ground 2 are also procedurally barred from federal review.[69] Respondents are correct that the Nevada Court of Appeals concluded that several of Banark's claims were

---

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

[66] ECF No. 43-13.

[67] ECF No. 43-20 at 174.

[68] ECF Nos. 43-20, 43-21 at 9–11.

[69] ECF No. 40 at 6–7.

12

procedurally barred because they should have been raised on direct appeal.[70] But the court of appeals did not hold that any of Banark's ineffective-assistance-of-counsel claims were procedurally barred.[71] Accordingly, federal grounds 2(2)–(5) and 2(7)–2(9) are not procedurally barred from federal review.

**C.   Conclusory Claims**

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief.[72] A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false."[73]

### *1.   Ground 3*

Banark claims Fourteenth Amendment equal-protection violations, but, as respondents point out, he sets forth no facts and merely recites several general, legal propositions.[74] I can discern no claims in ground 3, so I dismiss it as conclusory. To the extent that Banark seeks to raise ineffective-assistance-of-counsel claims in grounds 3(3) and 3(4), these claims are duplicative of the ones raised in ground 2.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 40] is GRANTED in part as follows**:

- Grounds 1(1)–(10), 1(12), and 2(12) are **DISMISSED as barred from federal review under *Stone v. Powell*;**
- Grounds 1(11), 1(13), 2(1), and 2(13)–(16) are **DISMISSED as procedurally**

---

[70] ECF No. 45-31 at 3–4.

[71] *See id.*

[72] *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

[73] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[74] ECF No. 40 at 9.

**barred**;

- Ground 3 is **DISMISSED as conclusory**.

IT IS FURTHER ORDERED that respondents have until **March 19, 2018, to ANSWER** the second-amended petition on grounds 2(2)–(11) and 2(17).

IT IS FURTHER ORDERED that Banark will have 45 days following service of respondents' answer to reply.

IT IS FURTHER ORDERED that Banark's motion for summary judgment **[ECF No. 54]**, motion for relief **[ECF No. 59]**, motion for hearing **[ECF No. 62]**, and motion for evidentiary hearing **[ECF No. 67] are all DENIED as moot in light of this order**.

IT IS FURTHER ORDERED that respondents' motion to strike petitioner's supplement to his reply to motion for hearing **[ECF No. 69] is DENIED**.

DATED: January 17, 2018.

_____
U.S. District Judge Jennifer A. Dorsey